**Saribek MNATSAKANYAN, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 05–76442.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 2007 \*\*.

Filed Oct. 29, 2007.

Garbis N. Etmekjian, Esq., Law Offices of Garbis N. Etmekjian, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Michael Jay Singer, Esq., San Francisco, CA, Mark Totten, U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM \*\*\*

Saribek Mnatsakanyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the immigration judge's (IJ) denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

The BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994) and did not express disagreement with any part of the IJ's oral decision. "When the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039

lifted. No reasonable inference of causation arises in these circumstances.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2005) (en banc). We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003).

The letter from the United States Consulate in Armenia provides substantial evidence to support the IJ's finding that Mnatsakanyan submitted false documents concerning his arrest. The genuineness of these documents went to the heart of his asylum claim. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). Mnatsakanyan did not offer an explanation why the letterhead and seal on the arrest document were incorrect or why the apostille authenticates the signature of the wrong notary. In addition, other evidence in the record including the inconsistencies between Mnatsakanyan's testimony and his J–1 visa application and the asylum officer's testimony concerning Mnatsakanyan's inconsistent statements during his asylum interview supported the adverse credibility finding. *See Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004). Therefore, substantial evidence supports the IJ's conclusion that Mnatsakanyan was not credible. *See id.*

In the absence of credible evidence, Mnatsakanyan has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Although Mnatsakanyan filed a timely appeal from the BIA's denial of relief under CAT, he makes no argument in his brief on the issue. Thus, Mnatsakanyan has waived his challenge to the denial of application for relief under CAT. *Mar-*

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

*tinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (citations omitted).

**PETITION FOR REVIEW DENIED.**

---

\*\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provid-